## SALAUN et al. v. DUCASSE. *

### No. 13909.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

Henry G. Neyrey, of New Orleans, for appellant.

Lemle, Moreno & Lemle, of New Orleans, for appellees.

JANVIER, J.

Plaintiffs are the mother and father of Harold L. Salaun, a minor, whose automobile driven by him was in collision at 1:30 o'clock in the morning of December 20, 1930, with another automobile owned by defendant and driven by his minor son.

Plaintiffs claim that their son's automobile sustained damages which would cost the sum of $187.50 to repair and they, therefore, bring this suit on his behalf.

Defendant denies that his son was negligent in any of the particulars alleged and, by reconventional demand, claims the sum of $250 on behalf of his minor son for the pain, suffering, and nervous shock sustained by him.

▮ Defendant's car was proceeding on State street in the direction of the Mississippi river, and it was followed by the car of plaintiffs' minor son. Defendant's son, intended turning to the left into the intersection of Tonti street, and as he did so the car he was driving was struck on its left side by the car of plaintiffs' son. Plaintiffs contend that the car driven by their son approached defendant's car from the rear; that he sounded, with his horn, a signal showing his intention to pass, and that he then turned slightly to go around the other car; and that just as he did so defendant's car turned suddenly to the left and rendered a collision unavoidable.

On the other hand, defendant contends that his son had turned to the left side of the street at a point long before reaching Tonti street and that the accident resulted when plaintiffs' son attempted to squeeze through on the left side of defendant's car between it and the curbing.

The physical facts, such as skid marks and location of the cars after the accident, show that it was impossible that defendant's car could have been alongside the left-hand curbing because there was no way in which the car of plaintiffs' son could have squeezed between it and the curbing had it been in this position.

▮ The trial judge saw and heard the witness, and we feel that we should follow the rule that a judgment on a question of fact will not be reversed unless manifestly erroneous.

The quantum has been properly proven, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.